Opinion of the court.

JOHN MATTHEWS v. STATE OF MISSISSIPPI.

[50 South. 561.]

CRIMINAL LAW AND PROCEDURE. *Murder. Evidence. Testimony.* Unworthy *to support verdict of guilty.*

The testimony of a very ignorant, seven year old negro boy, so conflicting on vital matters with his testimony given in the case on a preliminary hearing, and with statements made by him out of court, that the court cannot understand how a jury could fail to have a reasonable doubt of its truthfulness, is insufficient to alone support a verdict convicting of murder. ·

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Matthews, appellant, was indicted, tried, convicted of the murder of one Harrison Warner, sentenced to the penitentiary for life, and appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*Hudson, Fox & Canizaro,* for appellant.

Counsel discussed the testimony and contended that it was utterly insufficient to support the conviction.

*George Butler,* assistant attorney-general, for appellee.

Counsel contended that the jury alone were the judges of the weight of the evidence and of the credibility of the witness; that the testimony, considered aside from the matters which went alone to discredit the witness, was sufficient to convict, and that the conviction ought to be affirmed.

WHITFIELD, C. J., delivered the opinion of the court.

The conviction in this case rests exclusively upon the testimony of a little negro boy about seven years of age. He made two diametrically opposite statements in the court of the justice of the peace as to how the killing occurred, and he made a state-

ment to three or four other witnesses, which statement was in direct conflict with his testimony on the stand, as to the vital thing involved. We cannot, under the peculiar circumstances of this case, consent to this conviction, on the testimony of this single witness, this seven year old boy, evidently very ignorant, when that testimony is contradicted by his own statement, made to many witnesses, and also made in the committing court. How the jury could have failed to entertain a reasonable doubt of the truth of his statement, it is impossible to see.

Their verdict on the facts as contained in this record is manifestly wrong, and the judgment is reversed, and the cause remanded.                                      *Reversed.*

